IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SABRINA GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-04155-NKL |
| | ) |
| SAREAP NOEUY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant Cambodian Buddhist Society, Inc. moves to dismiss Plaintiff Sabrina Graham's claims against it, or in the alternative, for a more definite statement. [Doc. 45.] The motion is denied.

**I.  Background facts[1]**

This case involves a motor vehicle accident between Graham and Defendant Sareap Noeuy. Graham and Noeuy were traveling toward each other from opposite directions, on the same road. Graham entered an intersection against a solid green traffic light. Noeuy entered the same intersection, attempted to turn left across Graham's lane of traffic, and struck and injured Graham. Graham alleges Noeuy negligently failed to: keep a careful lookout; stop, swerve, or slow and swerve after he knew by use of the highest degree of care or could have known there was a reasonable likelihood of collision; drove too fast for the conditions and circumstances; operate the vehicle in a careful and prudent manner; sound a warning; yield the right of way; and

---

[1]  The background facts appear in Graham's Second Amended Complaint. [Doc. 33.] For purposes of deciding Cambodian's motion, the Court accepts Graham's factual allegations as true and construes them in the light most favorable to her. *See Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). Graham includes exhibits with her suggestions in opposition, which Cambodian argues should not be considered on a motion to dismiss. As explained below, the Court concludes Graham's allegations satisfy Fed. R. Civ. Pro. 8(a). Therefore, the Court need not decide whether Graham's exhibits may be considered, and has not included information from the exhibits in the background facts.

drive on the right half side of the road. The vehicle Noeuy was driving had been rented from Defendant Enterprise Rent-A-Car[2] by Defendant Someth Mes.

Graham's seven-count, Second Amended Complaint includes claims of negligence and negligence per se against Noeuy; negligent entrustment against Mes; and negligence, negligence per se, and negligent entrustment against Cambodian. Graham alleges "Noeuy was an employee, agent, and/or representative of Defendant Cambodian, and thus, Defendant Cambodian is vicariously liable for the acts and/or omissions" of Noeuy. [Doc. 33, p. 10, ¶ 50.] Further, "Noeuy was acting within the course and/or scope of his employment and/or agency" with Cambodian at the time. [*Id.*, ¶ 51.]

Graham similarly alleges that "Mes was an employee, agent, and/or representative of Defendant Cambodian, and thus, Defendant Cambodian is vicariously liable for the acts and/or omissions" of Mes, and that "Mes was acting within the course and/or scope of his employment and/or agency" with Cambodian. [*Id.*, pp. 13-14, ¶¶ 70-71.] Graham adds that Cambodian, "by and through its agent, employee, and/or representative … Mes, rented" the vehicle "for his [Mes'] operation, and then entrusted" it to Noeuy. [*Id.*, p. 14, ¶ 72.] "Noeuy operated said vehicle for the benefit of … Mes and/or Defendant Cambodian to transport individuals." [*Id.*, ¶ 73.] But Noeuy "was incompetent, inexperienced, and unqualified to operate" the vehicle, which Cambodian, through Mes, knew or through the exercise of reasonable diligence could have known. [*Id.*, ¶ 74.] Cambodian, through Mes, "nonetheless allowed and/or permitted … Noeuy to operate" the vehicle. [*Id.*, ¶ 76.]

## II. Discussion

Cambodian argues Graham has not pleaded sufficient facts to support her claim that Cambodian is vicariously liable for the negligent acts of Noeuy and Mes. Therefore, Cambodian

---

[2] Graham voluntarily dismissed her claims against Enterprise on 10/28/2015. [Doc. 38.]

argues, the three negligence claims against it should be dismissed, or Graham should be ordered to make a more definite statement.

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). On a motion to dismiss, a court accepts as true all of the factual allegations in the complaint, and reviews the complaint to determine whether it shows the pleader is entitled to relief. *Id.*; Fed. R. Civ. P. 8(a)(2).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," *Twombly*, 550 U.S. at 555, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Graham's allegations concerning Cambodian's vicarious liability are sufficient to satisfy Rule 8(a)(2)'s requirement of a short and plain statement showing that Graham is entitled to relief. Under Missouri law, employers are vicariously liable for the negligent acts or omissions of employees or agents when the acts or omissions are committed within the scope of the employment or agency. *Lindquist v. Scott Radiological Grp., Inc.*, 168 S.W.3d 635, 655-56 (Mo. Ct. App. 2005). Graham has factually alleged that the acts of the co-defendants were committed within the scope and course of their employment with Cambodian Buddhist Society.

Graham's following allegations meet her burden of pleading, for purposes of Rule 8(a)(2), that Cambodian is vicariously liable for the negligent acts or omissions of its employees or agents whose acts were committed within the scope of the employment or agency: Noeuy and Mes were employees or agents of Cambodian, and acting in that capacity, at the time of the rental of the vehicle, the entrustment of the vehicle, and the accident. Mes rented the vehicle for his operation, and then entrusted it to Noeuy, who in turn operated it for the benefit of

3

Mes, or Cambodian, or both, to transport individuals.  Noeuy was incapable of safely driving it, which Cambodian, through Mes, knew or should have known.  But Cambodian, through Mes, allowed Noeuy to operate the vehicle.  Noeuy then operated the vehicle in a negligent manner, and injured Graham.  These allegations are sufficient to place Cambodian on notice of the claims against it and to state a plausible claim.

Cambodian adds that Graham "is really without any support at all" for her allegations.  [Doc. 54, p. 3.]  Cambodian also states evidence to refute the allegations made by Graham.  But fleshing out the evidence supporting the claims, or demonstrating and addressing the lack of such evidence, is the purpose of discovery and summary judgment, and requests for sanctions if appropriate, not a motion to dismiss for failure to state a claim or for more definite statement.  Accordingly, Cambodian is not entitled to a dismissal or a more definite statement.

### III. Conclusion

Defendant Cambodian Buddhist Society, Inc.'s motion to dismiss or for more definite statement [Doc. 45] is denied.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  January 20, 2016
Jefferson City, Missouri