# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SABRINA GRAHAM, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15-cv-04155-NKL |
| SAREP NOEUY, et al., | ) |
| Defendants. | ) |

**ORDER**

Defendant Sareap Noeuy moves to strike Plaintiff Sabrina Graham's expert, Dr. Robert Johnson, as untimely disclosed. Doc. 116. The motion is granted.

Graham alleges she was injured in a car accident she had with Noeuy. Noeuy asked Graham by interrogatory whether she was claiming any psychiatric, psychological, or emotional injuries as a result of the accident and Graham answered, "N/A." Doc. 116, p. 2. Later, in December 2015, Noeuy testified in deposition that she was "not making … claims" for psychiatric, psychological, or emotional injuries. Doc. 116-1, p. 3. Then on July 29, 2016, Graham supplemented her interrogatory answer to state that, "yes," she was claiming emotional distress from the date of the accident, and identifying Dr. Robert Johnson with the Family Counseling Center of Missouri. Doc. 116, p. 2.

The scheduling order was modified a few times at the parties' request throughout the course of this case. The last time it was modified was on April 11, 2016 when Graham moved for an extension of time in which to comply with her expert witness obligations. Docs. 79 (motion filed 4/1/2016)[1] and 88 (text order of 4/11/2016). The Court granted Graham's motion over

---

[1] Graham explained that she had disclosed the names of her experts, including treating physicians, by the then-scheduled deadline of March 30, 2016, but was still waiting to

Noeuy's objection, granted Noeuy's alternative request for extension of his expert deadlines, and modified the remaining scheduling deadlines, and indicated Graham would receive no further extensions relating to experts:

> The new deadlines are as follows: <u>Plaintiff's expert designations due 5/30/2016;</u> Defendants' expert designations due 6/29/2016; discovery motions due 6/29/2016; all expert depositions and other discovery completed 7/29/2016; and dispositive and Daubert motions due 8/19/2016. All other deadlines and the trial setting remain the same. <u>Plaintiff will be granted no further extensions with respect to expert obligations.</u>

Doc. 88 (emphasis added).

In response to Noeuy's motion to strike, Graham states that she "did disclose Dr. Johnson as an expert in an effort to not 'surprise' [Noeuy] at the time of trial[,]" and the reason for her "noncompliance was" that she was "attempting to schedule an appointment with Dr. Johnson [to see] whether Dr. Johnson would be able to concur that [she] was suffering post-effects of the collision." Doc. 124, p. 3. Graham suggests that discovery be reopened for Dr. Johnson's deposition and another deposition of Graham, and so that Noeuy may disclose and produce his own experts. There is no indication in the record that Graham ever provided a Rule 26 expert report from Dr. Johnson.

The Court's scheduling order controls the course of this case unless the Court modifies it, *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716-17 (8th Cir. 2008), and Fed. R. Civ. Pro. 16(b)(4), which the Court will not do. The Court explicitly ordered in April 2016 that Graham would be granted no further extensions with respect to expert obligations, and Graham has not shown good cause, Rule 16(b)(4), let alone any cause, for a modification now. "Attempting to schedule" an appointment with an expert well after the expert designation deadline passed is certainly not good cause.

---

receive their Rule 26 expert reports. Accordingly, she requested 60 additional days in which to produce the reports and other documents from her experts. Doc. 79.

Further, under Rule 37 of the Federal Rules of Civil Procedure, a party who fails to provide the information required under Rule 26(a) or (e) is not allowed to use the information at trial unless the failure was substantially justified or harmless. Whether such failure is substantially justified or harmless depends on factors such as prejudice or surprise to the opponent; the party's ability to cure the prejudice; the extent to which the testimony would disrupt the trial; and the moving party's bad faith or willfulness. *Rodrick v. Wal-Mart Stores E., L.P.,* 666 F.3d 1093, 1096-7 (8th Cir. 2012). Here, Graham's failure was neither substantially justified nor harmless. This case is on the relative eve of trial and curing the prejudice at this point would take, as Graham concedes, several steps in the form of expert depositions, new expert designations, and another deposition of Graham. Furthermore, nothing before the Court suggests Graham's actions were taken in good faith, especially in view of the Court's explicit order of April 11, 2016 foreclosing any further extensions of deadlines relating to Graham's expert obligations.

Accordingly, Defendant Noeuy's motion to strike Plaintiff Graham's expert, Dr. Robert Johnson, Doc. 116, is granted.

                                                 s/ Nanette K. Laughrey
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated: October 27, 2016
Jefferson City, Missouri